IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICKEY R. COLEMAN | : | |
| Plaintiff | : | |
| v. | : | Civil Action No. AMD-04-3173 |
| | | (Consolidated Case AMD-04-3635) |
| MELANIE PEREIRA, *et al.* | : | |
| Defendants | : | |

..o0o..

MEMORANDUM

This action arises out of plaintiff's claim that he was denied proper medical treatment while he was incarcerated at the Howard County Detention Center (HCDC). Now pending is defendants' motion to dismiss or, in the alternative, for summary judgment. Paper No. 8. Though plaintiff was advised of his right to file a response to the motion and the consequences of a failure to respond, he has filed nothing further in this case. Paper No. 9. For the reasons set forth more fully below, defendants' motion, construed as a motion for summary judgment, will be granted.

Background

Plaintiff claims that on August 31, 2004, medical staff at HCDC refused to examine him, despite the fact that he had just been released from the hospital after treatment for an injury sustained in an accident. Paper No. 1 at p. 4. He asserts that the denial of medical care was based on his refusal to sign a release so that his hospital records could be reviewed. *Id*. He claims that he refused to sign the release until his lawyer could review the records. *Id*. Plaintiff ultimately left the medical unit because he was told he would not be seen without a release of the records. *Id*. It is plaintiff's position that a doctor or nurse was obliged to treat him for his alleged injuries or at least "document [his] injuries." *Id*.

Defendants allege, and plaintiff has failed to dispute, that his alleged medical complaint was

actually an effort to manufacture a defense for an escape charge he knew he would be facing. Plaintiff was assigned to work release during his incarceration at HCDC, but failed to return to the detention center on August 28, 2004.[1]  Paper No. 8 at Ex. 1.  When plaintiff returned to the facility on August 31, 2004, he was reprocessed through intake and he was seen in the medical department as a part of the intake process.  *Id*. at Ex. 2, p. 2.  During an interview by Nurse Rehske, plaintiff claimed that he had been admitted to Howard County General Hospital on August 28, 2004.  *Id*. at Ex. 3.  He further claimed that he was admitted as a John Doe and that he had been unconscious for a while.  *Id*.  Nurse Rehske contacted the hospital to confirm plaintiff's report, but was told by staff that he was seen on August 30, 2004, and discharged a few hours later.  *Id*.  Plaintiff was given a physical examination by Nurse Rehske, who noted blood pressure, temperature, pulse and respiration.  *Id*.  According to her notes, plaintiff voiced no complaints at the time of the exam. *Id*.

On September 1, 2004, plaintiff was charged with criminal escape based on his unexcused absence from HCDC on August 28, 2004.  *Id*. at Ex. 5.  Plaintiff was again seen in the medical department later that day pursuant to a note written by Nurse Rehske recommending a check up by a Physician's Assistant following a hospital visit.  *Id*. at Ex. 2 and 9 at p. 2.  It was on this day, according to defendants, that plaintiff refused to sign a release permitting HCDC medical staff access to his hospital records.  *Id*. at Ex. 8.  Plaintiff did, however, sign a statement releasing the medical care provider, the County, and others "from any responsibility and any ill effects, which may result from this action/refusal and [that he] personally assume[d] all responsibility for [his] welfare."  *Id.*  Plaintiff made no further requests for medical care until December 28, 2004, when he requested dental care.   *Id*. at Ex. 9C.

Standard of Review

---

[1] Ultimately, the escape charge was *nolle prosequi*.  Paper No. 8 at Ex. 5.

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *Anderson*, 477 U.S. at 256.

Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by

3

statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, plaintiff must demonstrate that the action (or inaction) of defendants amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *Farmer*, 511 U.S. at 839-40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer,* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk defendant actually knew at the time. *Brown v. Harris,* 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that

4

could have been taken).

In the instant case, plaintiff has failed to establish that he was suffering from an objectively serious medical condition requiring medical care. The undisputed facts establish that during the period of time he alleges he was denied medical care, plaintiff voiced no complaints consistent with a serious injury or illness.[2] During routine medical examinations provided to plaintiff, he exhibited no signs of an injury or a condition requiring more medical care than that which was provided. Notably absent from this record are plaintiff's hospital records, which he claims would establish that he was seriously injured a car accident.  His failure to provide defendants access to those records, when they were attempting to follow up on the care he allegedly received in the hospital, supports the contention that the "injury" was a fabrication to establish an alibi.  There is simply no evidence to support plaintiff's claim that he was denied medical care, and accordingly, defendants are entitled to summary judgment.  A separate order follows.


Filed: July 29, 2005                                    /s/
                                                        Andre M. Davis
                                                        United States District Judge

---

[2]Thus, to the extent that plaintiff may have been suffering from an actual injury or other serious condition, his failure to inform defendants of the existence of that injury or condition insulates them from liability for failure to treat it.